EVERETT G. MacWHINNEY, RESPONDENT, v. HERMAN JACOBSON, APPELLANT.

Argued May 18, 1932—Decided October 17, 1932.

For the appellant, *Merritt Lane.*

For the respondent, *Orlando H. Dey.*

The opinion of the court was delivered by

PARKER, J. The general facts pertinent to the controversy appear in the opinion of the Supreme Court, and need not be repeated here. The gravamen of the appeal was, and is, the exclusion of a letter claimed by defendant to have been sent to plaintiff in reply to a registered letter from plaintiff to defendant. The Supreme Court passed the question whether there was sufficient evidence for the jury of the mailing and receipt of defendant's letter, holding that even if it had been received, and if it was error to exclude it, such error was not harmful and should not work a reversal.

We conclude that there was sufficient evidence of the mailing of the letter and a consequent presumption of its receipt, to make that matter a question for the jury and the letter itself a legitimate piece of evidence; and that the exclusion of it was legally injurious.

On the phase of the case to which the letter was pertinent, the defense was, in substance, accord and satisfaction, pleaded as the "first separate defense." The answer avers that "on or about July 29th, 1928, plaintiff made certain claims against defendant and this defendant denied that he was indebted to said plaintiff in any sum whatsoever, and on said date the defendant paid to the plaintiff the sum of $200, advising the plaintiff that he disputed that he was indebted to him in any sum whatsoever, and the said sum of $200 was received by the plaintiff in full accord and satisfaction of any claim that the plaintiff might have against the defendant."

We read this as inclusive of all claims, whether accrued or to accrue out of the relations between the parties. Defendant still held several stocks unsold, which plaintiff claimed, and defendant denied, had been bought on plaintiff's recommendation, so that if plaintiff was entitled to share in any profit thereon, the amount coming to him was not then ascertained; but these stocks had been sold before the correspondence of 1929 presently to be considered, and the balance claimed by plaintiff in the suit related substantially to them. So the defense was that all claims then liquidated, or to be liquidated, arising out of purchases previously made at plaintiff's instance, were covered by this accord and satisfaction. Defendant therefore claimed that the $200 was paid and received to close all controversy on that score. A pertinent fact is that defendant had carried a note of plaintiff endorsed by plaintiff's wife, in defendant's bank for about a year; and, growing tired of renewals, had notified plaintiff to take it up, and allowed it to go to protest.

That there was some agreement between the parties about the $200 check, appears from a letter from defendant's company to plaintiff, addressed to his New York address and put in evidence by him, dated July 18th, 1928, and reading: "We are enclosing herewith check in the sum of $200 as per arrangements with Mr. Jacobson."

On January 22d, 1929, plaintiff signed and his wife endorsed a renewal of the $500 note at sixty days. This note,

as has been said, went to protest, and at this point begins the correspondence of which the rejected letter, if written and received, forms a part, and which is best reproduced in full:

"NEVADA CONSOLIDATED COPPER COMPANY
25 Broad Street
New York

March 28, 1929.

"Mr. Herman Jacobson
Central Lumber Company
Elizabeth, N. J.

Dear Mr. Jacobson:

"Mrs. MacWhinney has telephoned me that she has received from you a notice that my note for $500 has gone to protest. Do you think such action is quite fair when I have been trying for two months to see you to get our affairs straightened out. We had certain definite agreements—one of which was that you were to pay me 20% of the profits in Lehigh Coal & Navigation stock. This stock was sold about February 1st last at a substantial profit to you. To date you have refused to see me or even talk to me on the telephone, in spite of my constant efforts to reach you. In view of our past pleasant and mutually profitable relations, I cannot believe that you could be guilty of such poor sportsmanship. I again insist that if you will meet with me we can iron out our affairs without the necessity of protesting my note.

Sincerely yours,

E. S. MacWHINNEY."

"*Exhibit P*-4, Case, page 161."

Plaintiff sent this letter by registered mail and received a return receipt. Jacobson received the letter and produced the original upon demand at the time of the trial.

The excluded letter is as follows (retained copy):

"April 1, 1929.

Mr. E. S. MacWhinney,
c/o Nevada Consolidated Copper Co.,
25 Broad St.,
New York City.
Dear Sir:

Your letter of the 28th inst., was just received by the undersigned.

We do not understand most of the contents of this letter and it came quite as a surprise.

You received notice about your note in the usual course and the note should be paid as this money was loaned you in May, 1928, and is now close to a year old.

When your borrowed this money you said it would only be for a matter of a few months.

As far as any other matters are concerned you know we sent you a check on or about July 18th, 1928, in line with an agreement between us at your office a few days prior, that this check was to settle any claim you may have thought you had against us and we are certainly very much surprised that at this late date you should try and extort additional money from us. Frankly we will not stand for it and we certainly regret ever having anything to do with you.

Please take notice that this note is discounted with the Linden National Bank & Trust Co., and they will expect same to be paid.

Very truly yours,<br>CENTRAL LUMBER COMPANY,<br>President."

HJ/SM

The evidence with regard to the writing and mailing of this last letter will be discussed later on; but it may be well to say now, in chronological order, that defendant's witness, Mosca, testified that "in the very early part of April, 1929," probably about the third, the plaintiff, "Mr. MacWhinney called up and said he had our letter, and he wanted to know what we were sore about. I said, 'we are not sore about any-

thing,' and I wanted to know what he got sore about, so he said that he was not in a position to pay our note. I discussed the situation with him for a while and tried to get a payment of some kind. I asked him if he would pay $50 or $100 on account of it, and I would extend it further, but he said he could not pay anything at all and asked me if I could not extend it in full. I said no, that it could not be done, because the bank had to be paid, and they would not accept further renewal, but if he would make some payment, I would try to get them to accept that. He said that that was impossible, but if I would let it rest for a while, he would try to raise a little money and make some payments on it.

"*Q.* Did you talk to him after the second or third or fourth of April, whenever it was, about this note? *A.* I did; I talked to him I think three or four times after that."

This testimony is of course material as bearing on the question of receipt of the letter of April 1st which plaintiff denied having received.

The third letter in the series is from plaintiff to defendant, who denied having received it and plaintiff was permitted to prove a copy on evidence as to mailing which is quite similar to that with regard to the letter of April 1st; it is addressed to defendant's home:

"April 8, 1929.

Mr. Herman Jacobson,
   143 Westfield Avenue,
   Elizabeth, N. J.
Dear Mr. Jacobson:

Not having received any reply to my registered letter of March 28th, I write to ask again if you will not please get in touch with me by telephone or otherwise to the end that we get together and straighten out our affairs in a friendly spirit. I am anxious to dispose of the matter of the note, but I cannot do so until I have had the opportunity of seeing you. If there is any reason why you don't want to see me,

please tell me. I would then know, at least, where matters stand. Under the circumstances I do not know—and I can't conceive that you would have any complaints, as I have always given you the best of service, resulting in a net profit to you of many thousands of dollars.

Won't you please give me a call on the telephone?

Sincerely yours,

(Signed) Everett S. MacWhinney.

P. S.—I have several market propositions now that I am certain would interest you if you are still in the market. Would like to talk to you about them."

These letters indicate plainly enough that plaintiff's position was that he had a claim for compensation which when liquidated and allowed, would more than cover the note, and that under those circumstances he resented the refusal of defendant to have it renewed. Defendant's letter indicates with equal plainness, and as of the time of plaintiff's assertion of his claim, that defendant regarded *all* claims as having been settled by the interview of July 29th or thereabouts and the cash payment of $200.

The Supreme Court seems to have assumed that there was sufficient evidence of the writing and mailing of the letter of April 1st to establish a presumption of its receipt, and we think that assumption correct. The testimony of defendant that he wrote immediately in reply, of the secretary, Miss Mackay, that she wrote and mailed it, the production of the retained copy, and the testimony of Mosco that the plaintiff over the telephone spoke of receiving a letter at the precise time when this letter should have been received in the course of mail, seems amply sufficient to raise an inference of its receipt. Plaintiff denied receiving it; and the Supreme Court passed the question whether the denial of its receipt * * * overcame the presumption of its receipt and thus justified the rejection of the copy thereof upon the authority of *Hand* v. *Howell,* 61 *N. J. L.* 142, 694, as though that were a court question. So far as Hand v. Howell dealt with this

point, it avoided deciding anything (page 145), but the view intimated was, in the language of the opinion: "Of course, if there is such a presumption as is assumed, it is one of fact for the jury, and both the presumption and the evidence to repel it stand, as does all evidence, subject to credibility and other incidents." The opinion calls attention to *McCourry* v. *Suydam*, 10 *Id.* 245, on the point of rebutting the presumption, but there was no possible jury question in that case because it arose out of a mailed notice of trial, receipt whereof was denied, and the question was whether the trial should be ordered on, and one with which a jury had nothing to do. When the trial is in progress, and a mailed letter is offered, the value of the presumption that it was received, and of the denial of such receipt, are matters for determination by the jury.

The Supreme Court further considered it unnecessary to determine whether "the letter was properly excluded under the rule stated in Hand v. Howell that the failure to reply to a letter not sent in the course of correspondence is not to be taken as an admission of the truth of its contents."

That rule may be regarded as settled, on the authority of Hand v. Howell, of *State* v. *MacFarland*, 83 *N. J. L.* 474, and perhaps of *Fenning Dornbusch & Co.* v. *Greenfield*, 107 *Id.* 272. But the letter in question seems not within the rule, because (assuming it to have been written, mailed and received) it *was* sent in the course of correspondence, being an answer to plaintiff's letter of March 28th and in form an indignant denial of his claim. If the plaintiff was permitted to put in his registered letter of March 28th, receipt whereof was admitted (and to which no objection was made) by the same token defendant was entitled to show that he answered it, and what he said in that answer. The practice is common enough, and the notion that the answer was not in the course of correspondence did not occur to the trial court, nor was it suggested by counsel at any time. The letter was admitted in the first instance; then struck out because the court was not satisfied with the proof of mailing, &c., which

ruling was, after further evidence, adhered to; and reiterated even after Mosca had testified; but at no time was there any objection other than that the proof of mailing was not sufficient to qualify it over a denial that it was received. That objection, as already intimated, we regard as not well taken.

Coming, then, to the point that the exclusion of the letter was harmless, we have this situation: Defendant claiming an accord and satisfaction covering all matters between them, and plaintiff denying any accord and satisfaction. Plaintiff puts in the letter of March 28th, making a general claim, and insisting on a meeting, and testifies that he received no answer of any kind, and after waiting till April 8th, sent the letter of that date, which also remained unanswered. Whatever may be said of the legal effect of not answering a letter "not sent in course of correspondence" and which under the rule in Hand *v.* Howell would be incompetent, but had nevertheless gotten into the case, the practical effect with a jury would be strongly corroborative of the claim set up. Hence it would be important for the other party to show that he had answered it. Defendant so testified; but was not allowed to show what the answer was. We think as a legal proposition, he was entitled to put in his letter as in the course of correspondence, and was injured by its exclusion as depriving him of the documentary corroboration of the contemporaneous writing supporting by its language the exact stand taken in the first separate defense.

The judgment will be reversed with directions to remand the case to the trial court to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 11.